NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-5066

BANNUM, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

DISMAS CHARITIES, INC.,

Defendant-Appellee.

Joseph A. Camardo, Jr., Law Firm of Joseph A. Camardo, Jr., of Auburn, New York, for plaintiff-appellant. Of counsel on the brief was Kevin M. Cox.

Jeffrey S. Pease, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee United States. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Harold D. Lester, Jr., Assistant Director.

Alex D. Tomaszczuk, Pillsbury Winthrop Shaw Pittman LLP, of McLean, Virginia, for defendant-appellee Dismas Charities, Inc. Of counsel on the brief was Daniel S. Herzfeld.

Appealed from: United States Court of Federal Claims

Judge Christine O.C. Miller

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-5066

BANNUM, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

DISMAS CHARITIES, INC.,

Defendant-Appellee.

_____

DECIDED:   January 19, 2007

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

An unsuccessful bidder on a government contract, the appellant Bannum, Inc. ("Bannum"), challenges the Bureau of Prison (the "Bureau")'s award of three contracts for the construction and operation of Community Corrections Centers, which are designed to help prisoners who have served their sentences in readjusting to civilian life.  The Court of Federal Claims denied the challenge,

ruling that Bannum had failed to show that the Bureau's violation of a procurement regulation prejudiced it. Bannum, Inc. v. United States, 69 Fed. Cl. 311 (2006). We affirm.

This case returns to this court following a remand to the Court of Federal Claims, see Bannum, Inc. v. United States, 126 Fed. Appx. 958 (Fed. Cir. 2005), for that court to conduct further proceedings consistent with our decision in Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005). In the latter opinion, which involved Bannum's non-selection for another contract covering a different Community Corrections Center, we held that the Bureau's review of Bannum's responses to criticisms of its performance in operating a number of other Community Corrections Centers, violated the governing regulation (FAR § 42.1503(b)), because it was made by persons not authorized to perform that function. Id. at 1351-52.

On remand, the Court of Federal Claims ruled that the Bureau's failure to comply with FAR § 42.1503(b) had not prejudiced Bannum because Bannum had not shown that if the authorized officials had reviewed its submissions, the result actually or probably would have been the award of the contracts to Bannum. Bannum, 69 Fed. Cl. at 317-18. As in the prior case, Bannum's challenge to the procurement "rests on mere numerical possibility, not evidence." Bannum, 404 F.3d at 1358. The Court of Federal Claims did not err in ruling that Bannum failed to establish it was prejudiced.

## CONCLUSION

The judgment of the Court of Federal Claims dismissing Bannum's complaint is

## AFFIRMED.